OPINIONS OF THE SUPREME COURT OF OHIO
**** SUBJECT TO FURTHER EDITING ****

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. Morrow, Appellee, v. Industrial Commission of Ohio; PPG Industries, Inc., Appellant.
[Cite as State ex rel. Morrow v. PPG Indus., Inc. (1994), Ohio St. 3d      .]
Workers' compensation -- Allowed medical claim -- Clarifying allowed medical conditions -- Continuing jurisdiction of Industrial Commission to address compensability of disputed conditions -- R.C. 4123.52 permits commission to examine issues that are otherwise final and make substantive changes.
(No. 93-603 -- Submitted October 11, 1994 -- Decided December 20, 1994.)

Appeal from the Court of Appeals for Franklin County, No. 91AP-1508.

Appellee-claimant, Michael A. Morrow, was injured in 1977 in the course of and arising from his employment with appellant, PPG Industries, Inc.("PPG"), a self-insured employer. Claimant completed a C-50 application for compensation and medical benefits and listed the "nature of injury and part of body affected" as "[a]cute back strain." PPG certified the claim's validity.

In 1989, attending physician Dr. Roy J. Johnson submitted to PPG a fee bill that included a diagnosis of "post industrial injury low back syndrome, possible herniated intervertebral disc." Over the next two to three years, other medical documents mentioned a possible ruptured nucleus pulposus L-4, L-5, degenerative disc changes L5-S1, bulging of the annulus fibrosis at L3-4, L4-5, L5-S1, and spinal stenosis.

In June 1989, PPG moved the Industrial Commission of Ohio to consider, among other things, the following issue:

"* * * a determination be made clarifying the allowed conditions. This claim is allowed for acute back strain. It is requested that post-industrial low back syndrome; possible herniated intervertebral disc; spinal stenosis; bulging analous [sic] fibrosis L3-4, L4-5, L5-S1 and degenerative disc changes

L5-S1 be specifically denied in this claim as not related to the lifting incident on May 5, 1977."

On March 19, 1990, a commission district hearing officer found:

"The allowance of this claim is clarified to only include the condition of "chronic lumbosacral strain[.] The following conditions are specifically denied:

"1) Fibrosis L3-4, L4-5 with bulging annulus

"2) Herniated disc

"3) Degenerative disc L5-S1

"4) Spinal stenosis

"The Basis of the above denial are [sic] the 1983 report of Dr. Seasons who notes that the x-rays are normal. The report of Dr. Turner who attributes some of these conditions to repetitive stress as opposed to the 1977 injury and the report of Dr. McCloud."

The order was administratively affirmed.

Claimant filed both an R.C. 4123.519 appeal in the Crawford County Common Pleas Court and a complaint in mandamus in the Court of Appeals for Franklin County. The appeal, which was later transferred to Richland County, is apparently still pending. In the mandamus action the appellate court found: (1) mandamus to be the proper vehicle for relief, and (2) commission lacked continuing jurisdiction to change the original allowed condition or specifically deny the other conditions.

This cause is now before this court upon appeal as of right.

Ward, Kaps, Bainbridge, Maurer, Bloomfield & Melvin and William J. Melvin, for appellee.

Baker & Hostetler, Stephen J. Habash and Sharon A. Jennings, for appellant.

Per Curiam. Two questions are presented: (1) Does an adequate remedy at law exist? and (2) Did the commission abuse its discretion in disallowing the challenged conditions?

The first issue raised is quickly resolved. Only matters going to claimant's right to participate or continue to participate in the workers' compensation system are appealable under R.C. 4123.519. Afrates v. Lorain (1992), 63 Ohio St.3d 22, 584 N.E.2d 1175. Claimant's right to participate in this case, however, is secondary to the question of the commission's jurisdiction to address the compensability of the disputed conditions. This is a question properly raised in mandamus. State ex rel. Saunders v.Metal Container Corp. (1990), 52 Ohio St.3d 85, 556 N.E.2d 168.

PPG's medical challenge is more complex and has two elements: Did the commission abuse its discretion (1) in "clarifying" the original allowed condition or (2) in specifically denying other back conditions?

In certifying the claim, PPG recognized "acute back strain" as an allowed condition. The disputed order states that the "allowance of this claim is clarified to only include the condition of 'chronic lumbosacral strain.'" This language is susceptible to different interpretations, leaving us uncertain as to whether the commission retained or deleted

"acute back strain" as an allowed condition.  On the one hand, the reference to "only" suggests that the commission substituted "chronic lumbosacral strain" for "acute back strain."  On the other hand, the commission, by using the term "include," may have retained the original condition and additionally allowed the lumbosacral condition.  Clarification of this aspect of the commission's order is warranted.

Addressing those conditions that the commission specifically denied, two questions again arise: (1) Was continuing jurisdiction necessary to effect the disallowance? and (2) If so, was the commission's exercise of continuing jurisdiction proper?.

PPG maintains that R.C. 4123.515 empowered the commission to disallow certain conditions, making it unnecessary to resort to R.C. 4123.52's continuing jurisdiction authorization.  We disagree. R.C. 4123.52, permits the commission to examine issues that are otherwise final and make substantive changes. This is precisely the type of jurisdiction necessary to make changes to a matter ostensibly resolved earlier -- for example, the conditions arising from the claimant's industrial injury.

Continuing jurisdiction, therefore, underlies questions of specific disallowance of a given condition.  Continuing jurisdiction, however, may not be exercised indiscriminately. The appellate court's opinion implied that the commission lacked continuing jurisdiction to alter the claim's original allowance since the claimant did not make a formal request to add the disputed conditions.

We agree with the appellate court's conclusion.  While we disagree with the suggestion that a request for additional allowance can only be accomplished by an express motion by the claimant, we find that a bare reference to medical conditions, as here, in a physician's correspondence or medical test summary does not constitute a request for recognition of that condition by a claimant.  Because fibrosis with bulging annulus, stenosis, and degenerative disc disease were referenced exclusively in these types of documents, the commission erred in disallowing them at this time.

The commission  also denied "herniated intervertebral disc."  We again find that the commission abused its discretion, but for a different reason.

Reference to a "possible herniated intervertebral disc" appeared on claimant's physician fee bill.  Given our holding in State ex rel. Baker Material Handling Corp. v. Indus. Comm. (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, we do not view this reference as benignly as the references to the other nonallowed medical conditions.  Baker held:

"A self-insured employer who, subsequent to the initial allowance of a workers' compensation claim certifies a medical condition as allowed on a 'Self-Insured Semi-Annual Report of Claim Payments' (form C-174) has conclusively granted that additional condition is part of the claim." Id., paragraph one of the syllabus.

Forms C-174 document to the commission the fee bills that have been paid.  If a fee bill lists a nonallowed condition and the self-insured employer pays that bill, a subsequent enumeration of that condition on the C-174 constitutes an additional allowance of that condition.  Thus, since Baker, fee

bills that contain nonallowed conditions, can be, albeit indirectly, a claimant's request for additional allowance.

In this instance, however, the reference in Dr. Johnson's fee bill to herniated intervertebral disc was qualified by the term "possible." We find, therefore that the denial of a condition, the existence of which has not yet been alleged by the claimant, was premature.

For these reasons, we affirm those portions of the appellate judgment that: (1) found mandamus to be the appropriate remedy and (2) found an abuse of discretion by the commission in disallowing the disputed conditions. The appellate court's determination that the Industrial Commission abused its discretion in clarifying the originally allowed condition, however, is premature given the commission's ambiguous order. Accordingly, that portion of the appellate court's judgment is reversed and the cause returned to the commission for clarification and amended order.

Judgment reversed in part
and affirmed in part.

Moyer, C.J., A.W. Sweeney, Wright and F.E. Sweeney, JJ., concur.

Douglas and Resnick, JJ., dissent.

Pfeifer, J., dissents and would reverse in part and affirm in part.

Douglas, J., dissenting. I would affirm the court of appeals in all respects. Since the majority opinion does not so affirm, I respectfully dissent.

Resnick, J., concurs in the foregoing dissenting opinion.