JOURNAL ENTRY AND OPINION
Defendant-appellant David Barnes (appellant) challenges the sentence imposed upon him by the Cuyahoga County Court of Common Pleas subsequent to his plea of guilt to involuntary manslaughter in violation of R.C.2903.04. Appellant complains that this sentence violates his federal constitutional rights. For the reasons adduced below, we find no violation and affirm his sentence.
The record demonstrates that on October 5, 1998, appellant was indicted by the Cuyahoga County Grand Jury in a six-count indictment for offenses which occurred October 4, 1994. Counts one and two of appellant's indictment charged murder, with firearm specification; count three charged appellant with attempted murder with firearm specification; and counts four, five, and six charged appellant with aggravated robbery with firearm specification. On October 8, 1998, appellant entered pleas of not guilty to each charge. On January 11, 1999, pursuant to an agreed plea arrangement, appellant entered a plea of guilty to count one as amended (with the firearm specification deleted) to involuntary manslaughter in violation of R.C. 2903.04, a felony of the first degree. The State entered nolle prosequi on each remaining count as set forth in the indictment. On February 1, 1999, appellant was sentenced to a term of imprisonment of five to twenty-five years. This appeal follows in which appellant advances a single assignment of error as follows.
 THE APPELLANT'S SENTENCE IS VOID OR VOIDABLE AS IT WAS IMPOSED IN VIOLATION OF HIS FEDERAL CONSTITUTIONAL RIGHTS TO DUE PROCESS AND EQUAL PROTECTION OF LAW AND IS VIOLATIVE OF THE PROHIBITION AGAINST EX POST FACTO LEGISLATION PURSUANT TO THE FOURTEENTH AMENDMENT AND SECTION 10, ARTICLE I OF THE UNITED STATES CONSTITUTION.
In this sole assignment of error, appellant contends that because he was sentenced under pre Am.Sub.S.B. No. 2 (S.B. 2) law, he has been denied due process and equal protection of law as guaranteed by the United States Constitution due to his potential to receive an increased length of sentence at the whim of the Ohio Parole Authority. Nonetheless, in this appeal, appellant concedes that because these same arguments were raised and rejected by the Ohio Supreme Court in State v. Rush (1998), 83 Ohio St.3d 53, his sentence must be affirmed.
In State v. Rush, supra at 58, our Supreme Court held that the amended sentencing provisions of S.B. 2 are inapplicable to those defendants who committed crimes prior to, but were convicted after its July 1, 1996 effective date. It is uncontroverted that appellant was convicted of an offense which occurred on October 4, 1994, prior to the passage of S.B. 2. As a consequence, the trial court properly imposed sentence upon appellant pursuant to the statutory authority in effect at the time the offenses were committed. Accordingly, appellant's sentence is affirmed.
Appellant complains, however, that under the present parole scheme it is not unrealistic to anticipate that he will serve every day of his twenty-five year maximum term, yet another defendant who committed the exact offense after July 1, 1996 would only serve a maximum of ten years. This scenario, he asserts, will create due process and equal protection claims which will come to fruition at some point in the future.
It is rudimentary that, in order for one to have a right to challenge a statute upon a constitutional basis, the person posing such a challenge must, in fact, be adversely affected by that statute. Palazzi v. Estate of Gardner (1987), 32 Ohio St.3d 169, 512 N.E.2d 971." McKenney v. Hillside Dairy Co. (1996), 109 Ohio App.3d 164, 175. The Palazzi court held "the constitutionality of a state statute may not be brought into question by one who is not within the class against whom the operation of the statute is alleged to have been unconstitutionally applied and who has not been injured by its alleged unconstitutional provision." Palazzi id., syllabus. "Constitutional questions will not be decided until the necessity of a decision arises on the record before the court." Christensen v. Bd. of Commrs. on Grievances and Discipline (1991),61 Ohio St.3d 534, 535. Standing to challenge the constitutionality of a statute requires demonstration of concrete injury in fact, rather than an abstract or suspected injury. State ex rel. Consumers League of Ohio v. Ratchford (1982), 8 Ohio App.3d 420, 424. Consequently, we find appellant's arguments are not ripe for appeal and appellant's sole assignment of error is not well taken.
Sentence affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J., and LEO M. SPELLACY, J., CONCUR.