[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Criminal appeal from Court of Common Pleas, Case No. CR-446057.
Affirmed.
 JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Tony R. McCann ("defendant"), appeals from the sentence he received after pleading guilty to drug trafficking with juvenile and major drug offender specifications. For the reasons that follow, we affirm.
 {¶ 2} Defendant pled guilty to drug trafficking with juvenile and major drug offender specifications, a felony of the first degree. In exchange, additional charges against defendant were nolled. Among other consequences of his plea, defendant was informed of the mandatory minimum term of incarceration of ten years and the potential of an additional prison term between one and ten years for the major drug specification. The trial court advised defendant of the statutory post-release control terms.
 {¶ 3} The indictment charged defendant with trafficking drugs in "an amount equal to or exceeding one hundred grams." During sentencing, defense counsel acknowledged that this case involved "roughly 109 grams" of crack cocaine, which the State reiterated. The State further concurred with defense counsel's representation that defendant accepted responsibility for his actions "right away." The trial court did not impose any period of incarceration beyond the mandatory prison sentence of ten years.
 {¶ 4} Defendant now appeals and raises two assignments of error for our review.
 {¶ 5} "I. Post release control pursuant to Sections 2967.28
and 2967.11 of the Ohio Revised Code violate the appellant's right to jury trial."
 {¶ 6} Defendant argues that because the Parole Board may, pursuant to R.C. 2967.28, extend his sentence by up to an additional five years for violation of post-release control, this violates his constitutional rights as contemplated by the recent United States Supreme Court decision in Blakely v. Washington
(2004), 530 U.S. 296.[1] Although the statutory provisions governing post-release control do vest the Parole Board with, among other powers, the discretion to impose post-release control sanctions, including additional prison time, defendant is not currently the subject of such action. Accordingly, this issue will not be ripe for review unless and until the Parole Board imposes additional prison time on defendant. See State v.Williamson (Oct. 22, 1998), Cuyahoga App. Nos. 73130 and 73132, quoting McKenney v. Hillside Dairy Co. (1996),109 Ohio App.3d 164, 175.[2] "Standing to challenge the constitutionality of a statute requires demonstration of concrete injury in fact, rather than an abstract or suspected injury." Id.
 {¶ 7} Assignment of Error I is overruled.
 {¶ 8} "II. The trial court sentenced appellant contrary to law."
 {¶ 9} Defendant argues that his sentence is contrary to law because he believes the trial court erroneously sentenced him pursuant to R.C. 2925.03(C)(4)(g), rather than R.C.2925.03.(C)(4)(f). Defendant argues he admitted guilt to a crime that involved less than 100 grams of drugs. This is not supported by the record. Defendant pled guilty to Count One of the indictment that charged him with drug trafficking in an amount equal to or exceeding 100 grams of crack cocaine, with juvenile and major drug offender specifications. The major drug offender specification, to which defendant admitted, also reflected the amount of drugs as "at least one hundred grams of Crack Cocaine." As defendant admitted guilt to a crime that involved drugs in an amount equal to or exceeding 100 grams, R.C. 2925.03(4)(g) was applicable. Therefore, the trial court imposed defendant's sentence in accordance with the law.
 {¶ 10} Assignment of Error II is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, J., and Rocco, J., concur.
[1] In Blakely, the Supreme Court held that any fact (besides a prior conviction), which increases a penalty beyond the statutory maximum, must be submitted to a jury and proved beyond a reasonable doubt.
[2] "It is rudimentary that, in order for one to have a right to challenge a statute upon a constitutional basis, the person posing such a challenge must, in fact, be adversely affected by that statute. Palazzi v. Estate of Gardner (1987),32 Ohio St.3d 169." Id.