DENT, APPELLEE, *v.* AT&T TECHNOLOGIES, INC., APPELLANT.

[Cite as Dent *v.* AT&T Technologies, Inc. (1988), 38 Ohio St. 3d 187.]

(No. 87-1596—Submitted June 7, 1988—Decided August 17, 1988.)

John R. Workman, for appellee.
Porter, Wright, Morris & Arthur, Charles J. Kurtz III and Darrell R. Shepard, for appellant.

WRIGHT, J. The sole issue before this court is whether appellee's request for recognition of additional conditions (chondromalacia of the patella and arthritic changes of the left knee) is barred by the two-year statute of limitations of R.C. 4123.84.

Appellant argues that the additional conditions were barred by the statute because no formal application for allowance was made until June 30, 1983. The trial court, relying on *Mewhorter* v. *Ex-Cell-O Corp.* (1986), 23 Ohio St. 3d 13, 23 OBR 11, 490 N.E. 2d 610, found that notice was given within the two-year period by way of the filing of a fee bill. The court of appeals affirmed the trial court's decision but on a different basis, *i.e.*, the two-year statute of limitations was met when appellee gave notice of her initial compensation claim in 1972. We agree with the analysis of the court of appeals.

R.C. 4123.84 provides in pertinent part:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation;

"* * *

"(3) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau, or the employer has furnished treatment by a licensed physician in the employ of an employer; providing, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section;

"* * *

"(B) * * *

"* * *

"The commission has continuing jurisdiction as set forth in section 4123.52 of the Revised Code over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to division (A)(1) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to division (A)(1) of this section."

R.C. 4123.52 provides for the continuing jurisdiction of the Industrial Commission over workers' compensation claims and permits modification under certain circumstances. At all relevant times herein, the statute provided in pertinent part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders

with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised Code, and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the applicable time limit as provided in this section."

The essential requirement of both statutory provisions above is that the injured employee give written notice within two years of the specific part or parts of the body he or she claims to have been injured. These provisions do not require that the claimant give notice of a specific medical condition resulting from injury to those body parts.

When appellee filed her initial claim in 1972, it is undisputed that she gave notice of injury to specific body parts, including her left knee. Indeed, appellee's claim was recognized, in part, for "contusion and abrasion of the left knee," as it is apparent that notice was given of injury to the knee. Although notice in the original application did not mention chondromalacia or arthritic changes, neither of these need to be mentioned since they are medically recognized physical changes to parts of the body that were noted in the original claim.

R.C. 4123.84(B) appears to contemplate a residual injury as one developing in a body part not originally alleged per R.C. 4123.84(A)(1). Thus, appellee's application for "chondromalacia of the patella and arthritic changes" would be unaffected by any statute of limitations for residual conditions, as it is an additional condition and not a residual injury as contemplated by R.C. 4123.84(B). Therefore, the two-year statute of limitations set forth in R.C. 4123.84 is inapplicable to the facts in the instant case.

Similarly, the six- and ten-year statutes of limitations of R.C. 4123.52, which limit the Industrial Commission's authority to modify or change its former findings or orders, are inapplicable to the case at bar. The six-year bar applies to certain situations where a claimant fails to receive compensation within six years after an injury occurs. The ten-year bar applies to those cases where compensation has been paid but ten years have passed since the last payment. Neither situation is present here. In addition, for the same reasons stated above, the limiting language of R.C. 4123.52 is inapplicable because appellee in 1972 gave proper written notice of her claim pursuant to R.C. 4123.84 and the new conditions occurred in a body part specified in that original application.

Appellant also argues that if the statutory bars are inapplicable, then the additional allowance is barred by laches. We disagree. "Laches" is defined as an " '[u]nreasonable delay;

neglect to do a thing or to seek to enforce a right at a proper time.'" *Russell* v. *Fourth Natl. Bank* (1921), 102 Ohio St. 248, 265, 131 N.E. 726, 732. What constitutes "unreasonable delay" is decided on a case-by-case basis. In this case, the additional conditions were diagnosed by Dr. Halley in March 1978. His report was filed, along with an application for an increase in permanent partial disability, with appellant and the commission approximately six months later. Within a "notice" framework, we find appellant's laches argument wholly without merit.

Finally, R.C. 4123.95 requires that the provisions of R.C. Chapter 4123 be liberally construed in favor of employees. We agree with the court of appeals that accepting appellant's position would be inconsistent with this liberal construction provision.

Therefore, we hold that an injured employee is required to give written notice of the specific part or parts of the body claimed to have been injured within two years after the injury, but is not required to include in such notice the specific nature of the physical condition or impairment resulting from such injury.

Therefore, for the foregoing reasons, the judgment of the court of appeals upholding the trial court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER and H. BROWN, JJ., concur.

SWEENEY, LOCHER and DOUGLAS, JJ., concur separately.

HOLMES, J., concurs in judgment only.

DOUGLAS, J., concurring. I concur with the majority opinion in its finding that the injured employee-appellee gave timely notice of her additional conditions claim. In so finding, the majority affirms the judgment of the court of appeals and, thereby, seems to reject the finding of the trial court that notice was also given within the required two-year period by the filing of a fee bill. I disagree with the majority in its apparent rejection of the trial court's finding. I believe the trial court properly relied on *Mewhorter* v. *Ex-Cell-O Corp.* (1986), 23 Ohio St. 3d 13, 23 OBR 11, 490 N.E. 2d 610, and, accordingly, I would affirm the judgment of the court of appeals on the basis of the findings of the trial court as well as those of the court of appeals.

SWEENEY and LOCHER, JJ., concur in the foregoing concurring opinion.