THE STATE EX REL. MERIDIA HILLCREST HOSPITAL, APPELLANT,
*v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Meridia Hillcrest Hosp.*
*v. Indus. Comm.* (1995), 74 Ohio St.3d 39.]

(No. 94–713—Submitted September 12, 1995,—Decided November 15, 1995.)

*Buckingham, Doolittle & Burroughs Co., L.P.A.,* and *Cathryn R. Ensign,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Charles Zamora,* Assistant Attorney General, for appellee Industrial Commission.

*Larry A. Weiser Co., L.P.A.,* and *Larry A. Weiser,* for appellee Janoch.

*Per Curiam.* "[P]ulled muscle lower abdomen, acute abdominal muscle strain" are the only conditions that have been formally allowed in this claim. Claimant seeks temporary total disability compensation and medical benefits for several other conditions that have not yet been additionally allowed. Claimant urges that her bleeding and pregnancy complications were symptoms of the allowed condi-

tions. Thus, it would appear, no formal allowance for these conditions was required. For the reasons to follow, we find that the commission improperly ordered payment for these conditions.

R.C. 4123.84(A) reads:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation[.]"

Discussing this provision, we have observed that:

"The essential requirement of * * * [R.C. 4123.84] is that the injured employee give written notice within two years of the specific part or parts of the body he or she claims to have been injured. These provisions do not require that the claimant give notice of any specific medical condition resulting from injury to those body parts." *Dent v. AT & T Technologies, Inc.* (1988), 38 Ohio St.3d 187, 189, 527 N.E.2d 821, 824.

In *Dent,* the claim was originally allowed for "contusion and abrasion of the left knee." Several years later, claimant sought additional recognition for additional conditions of left knee arthritis and chondromalacia. The employer asserted that claimant's application was barred by R.C. 4123.84's two-year statute of limitations.

We disagreed, writing:

"When appellee filed her initial claim in 1972, it is undisputed that she gave notice of injury to specific body parts, including her left knee. Indeed, appellee's claim was recognized, in part, for 'contusion and abrasion of the left knee,' as it is apparent that notice was given of injury to the knee. Although notice from the original application did not mention chondromalacia or arthritic changes, neither of these need to be mentioned since they are medically recognized physical changes to parts of the body that were noted in the original claim.

"R.C. 4123.84(B) appears to contemplate a residual injury[1] as one developing in a body part not originally alleged per R.C. 4123.84(A)(1). Thus, claimant's application for 'chondromalacia of the patella and arthritic changes' would be unaffected by any statute of limitations for residual conditions, as it is an

---

1. Former R.C. 4123.84(B) read in part:

"The commission has continuing jurisdiction as set forth in section 4123.52 of the Revised Code over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to division (A)(1) of this section, if the commission finds that the loss or

additional condition and not a residual injury as contemplated by R.C. 4123.84(B). Therefore, the two-year statute of limitations set forth in R.C. 4123.84 is inapplicable to the facts in the instant case." (Footnote added.) *Id.* at 189, 527 N.E.2d at 824.

In this case, appellees attempt to draw an arbitrary distinction in arguing their case by classifying the disputed ailments as "symptoms of the allowed conditions," as opposed to "additional conditions" or "residual injuries." This distinction fails under these facts for two reasons.

First, *Dent* did not excuse those ailments classified as "additional conditions" from the requirement that they be formally allowed. It found only that the allowance was not subject to R.C. 4123.84's statute of limitations. "Residual injuries," of course, clearly contemplate formal allowance; otherwise no statute of limitations applicable thereto would be necessary.

In the same vein, regardless of whether described as "symptoms" or not, the fact remains that the disputed ailments arose in parts of the body not alleged to be injured in the original application. Formal allowance is, therefore, required.

Formal allowance is also not excused by our recent decision in *State ex rel. Miller v. Indus. Comm.* (1994), 71 Ohio St.3d 229, 643 N.E.2d 113. In that case, the claimant industrially injured her back. Claimant later sought authorization for a supervised weight-loss program. The commission denied authorization because "obesity" had not been formally allowed in the claim. We disagreed, reasoning in part that:

"The reference to 'specific part of parts of the body' is prominent in R.C. 4123.84. The statute is concerned primarily with compensation for a specific body part hurt, not with compensating for the nature of injury—for example, sprain or fracture—related thereto. *Dent v. AT & T Technologies, Inc.* (1988), 38 Ohio St.3d 187, 527 N.E.2d 821.

"The mechanics of R.C. 4123.84 are irreconcilable with the concept of obesity as an allowed condition. First, obesity is usually a generalized condition. It cannot, therefore, be restricted to a specific body part or parts as R.C. 4123.84 envisions." *Id.* at 233, 643 N.E.2d at 116.

*Miller* does not excuse formal allowance of the disputed conditions here because unlike "obesity," the conditions here are specific and not general. *Dent* still controls in this case, and formal allowance is required.

The appellate judgment is hereby reversed, and the writ is allowed.

*Judgment reversed*
*and writ allowed.*

---

impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to division (A)(1) of this section."

MOYER, C.J., DOUGLAS, WRIGHT, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.