[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 39.]

THE STATE EX REL. MERIDIA HILLCREST HOSPITAL, APPELLANT, *v.*

INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Meridia Hillcrest Hosp. v. Indus. Comm.*, 1995-Ohio-297.]

*Workers' compensation—Application for additional temporary total disability compensation and medical benefits for ailments which arose in parts of the body not alleged to be injured in an original application—Industrial Commission abuses its discretion in ordering payment of compensation and in not denying payment of the medical bill, when.*

(No. 94-713—Submitted September 12, 1995—Decided November 15, 1995.)

Appeal from the Court of Appeals for Franklin County, No. 93AP-152.

————————————

{¶ 1} On September 26, 1989, while helping to lift a patient in the course of and arising from her employment with appellant, Meridia Hillcrest Hospital ("Meridia"), appellee-claimant, Colleen Janoch, felt a pain in her lower abdomen. She reported to the hospital's Employee Health Services approximately three hours later where she was diagnosed with an "acute abdominal muscle strain." Meridia, which is self-insured, certified a workers' compensation claim for this condition. There is no evidence that claimant ever sought further treatment for her strain.

{¶ 2} Ten days later, claimant learned that she was approximately six weeks' pregnant. The record reveals that claimant had had difficulty with past pregnancies. On February 5, 1990, surgery was performed on a prematurely dilated cervix.

{¶ 3} Claimant later submitted a C84 "physician's report supplemental" that certified her as temporarily and totally disabled from September 26, 1989 through at least July 1990. Under "present complaints and conditions," Dr. Sheldon J. Gillinov listed "[p]regnancy, incompetent cervix, uterine bleeding." Objective

findings were noted as "[p]atient has pelvic pain, vaginal bleeding." Subjective findings were stated as "the patient's cervix is dilating." No mention was made of "acute abdominal muscle strain." In another C84 filed August 17, 1990, Dr. Gillinov listed claimant's condition as "post partum," and reported that "[p]atient is healthy and free of any problems." The report certified temporary total disability from September 26, 1989 through July 30, 1990.

{¶ 4} Claimant also submitted for workers' compensation payment a $2,500 bill for the surgery and for "[o]ffice [p]renatal visits until delivery of child." Dr. Gillinov listed "present condition/diagnosis" as "[p]regnant with vaginal bleeding, pelvic pain, pre-mature dilation of the cervix." Dr. Gillinov, having negatively answered the question "Is present condition solely the result of the injury?" wrote:

"Although dilation of the cervix and bleeding may not be solely a result of lifting, etc., certainly the conditions are aggravated by the above mentioned activities."

{¶ 5} He also wrote on April 24, 1990:

"Please be advised that Colleen Janoch [claimant] stated on 9-28-89 that she 'pulled a muscle at work on 9-27-89.' Following that event she developed and has continued to have pelvic, abdominal and back pain. She also had vaginal bleeding.

"It is my opinion that her uterine bleeding was causally related to her injury."

{¶ 6} Meridia contested both temporary total compensation and medical bill payment and requested that appellee Industrial Commission of Ohio hear the matter. A commission district hearing officer awarded temporary total disability benefits from September 26, 1989 through April 1, 1990. The order was silent on the payment of the medical bill. A regional board of review vacated that order, writing:

2

"* * * [The] Board finds that medical evidence on file is insufficient to causally relate claimant's incompetent cervix, pregnancy or uterine bleeding to the strain of 9/26/89."

{¶ 7} Staff hearing officers reinstated the district hearing officer's order, which prompted Meridia's complaint in mandamus to the Court of Appeals for Franklin County. In the complaint, Meridia alleged that the commission abused its discretion in ordering payment of compensation and in not denying payment of the medical bill. The appellate court, finding Dr. Gillinov's report to be "some evidence" causally relating claimant's pregnancy complaints to her industrial injury, denied the writ.

{¶ 8} This cause is now before this court upon an appeal as of right.

———————————

*Rademaker, Matty, McClelland & Greve* and *Cathryn R. Ensign*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Charles Zamora*, Assistant Attorney General, for appellee Industrial Commission.

*Larry A. Weiser Co., L.P.A.*, and *Larry A. Weiser*, for appellee Janoch.

———————————

**Per Curiam.**

{¶ 9} "[P]ulled muscle lower abdomen, acute abdominal muscle strain" are the only conditions that have been formally allowed in this claim. Claimant seeks temporary total disability compensation and medical benefits for several other conditions that have not yet been additionally allowed. Claimant urges that her bleeding and pregnancy complications were symptoms of the allowed conditions. Thus, it would appear, no formal allowance for these conditions was required.

{¶ 10} For the reasons to follow, we find that the commission improperly ordered payment for these conditions.

{¶ 11} R.C. 4123.84 (A) reads:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation[.]"

{¶ 12} Discussing this provision, we have observed that:

"The essential requirement of * * * [R.C. 4123.84] is that the injured employee give written notice within two years of the specific part or parts of the body he or she claims to have been injured. These provisions do not require that the claimant give notice of any specific medical condition resulting from injury to those body parts." *Dent v. AT&T Technologies, Inc.* (1988), 38 Ohio St.3d 187, 189, 527 N.E.2d 821, 824.

{¶ 13} In *Dent*, the claim was originally allowed for "contusion and abrasion of the left knee." Several years later, claimant sought additional recognition for additional conditions of left knee arthritis and chondromalacia. The employer asserted that claimant's application was barred by R.C. 4123.84's two-year statute of limitations.

{¶ 14} We disagreed, writing:

"When appellee filed her initial claim in 1972, it is undisputed that she gave notice of injury to specific body parts, including her left knee. Indeed, appellee's claim was recognized, in part, for 'contusion and abrasion of the left knee,' as it is apparent that notice was given of injury to the knee. Although notice from the original application did not mention chondromalacia or arthritic changes, neither of these need to be mentioned since they are medically recognized physical changes to parts of the body that were noted in the original claim.

"R.C. 4123.84(B) appears to contemplate a residual injury[1] as one developing in a body part not originally alleged per R.C. 4123.84(A)(1). Thus, claimant's application for 'chondromalacia of the patella and arthritic changes' would be unaffected by any statute of limitations for residual conditions, as it is an additional condition and not a residual injury as contemplated by R.C. 4123.84(B). Therefore, the two-year statute of limitations set forth in R.C. 4123.84 is inapplicable to the facts in the instant case." (Footnote added.) *Id.* at 189, 527 N.E. 2d at 824.

{¶ 15} In this case, appellees attempt to draw an arbitrary distinction in arguing their case by classifying the disputed ailments as "symptoms of the allowed conditions," as opposed to "additional conditions" or "residual injuries." This distinction fails under these facts for two reasons.

{¶ 16} First, *Dent* did not excuse those ailments classified as "additional conditions" from the requirement that they be formally allowed. It found only that the allowance was not subject to R.C. 4123.84's statute of limitations. "Residual injuries," of course, clearly contemplate formal allowance, otherwise no statute of limitations applicable thereto would be necessary.

{¶ 17} In the same vein, regardless of whether described as "symptoms" or not, the fact remains that the disputed ailments arose in parts of the body not alleged to be injured in the original application. Formal allowance is, therefore, required.

{¶ 18} Formal allowance is also not excused by our recent decision in *State ex rel. Miller v. Indus. Comm.* (1994), 71 Ohio St.3d 229, 643 N.E.2d 113. In that

---

1. Former R.C. 4123.84 (B) read in part:

   "The commission has continuing jurisdiction as set forth in section 4123.52 of the Revised Code over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to division (A)(1) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to division (A)(1) of this section."

case, the claimant industrially injured her back. Claimant later sought authorization for a supervised weight-loss program. The commission denied authorization because "obesity" had not been formally allowed in the claim. We disagreed, reasoning in part that:

"The reference to 'specific part of parts of the body' is prominent in R.C. 4123.84. The statute is concerned primarily with compensation for a specific body part hurt, not with compensing for the nature of injury—for example, sprain or fracture—related thereto. *Dent v. AT&T Technologies, Inc.* (1988), 38 Ohio St. 3d 187, 527 N.E. 2d 821.

"The mechanics of R.C. 4123.84 are irreconcilable with the concept of obesity as an allowed condition. First, obesity is usually a generalized condition. It cannot, therefore, be restricted to a specific body part or parts as R.C. 4123.84 envisions." *Id*. at 233, 643 N.E. 2d at 116.

{¶ 19} *Miller* does not excuse formal allowance of the disputed conditions here because unlike "obesity," the conditions here are specific and not general. *Dent* still controls in this case, and formal allowance is required.

{¶ 20} The appellate judgment is hereby reversed, and the writ is allowed.

*Judgment reversed*

*and writ allowed*.

MOYER, C.J., DOUGLAS, WRIGHT, PFEIFER and COOK, JJ., concur.

RESNICK, J., dissents.

F.E. SWEENEY, J., dissents and would affirm the judgment of the court of appeals.

_____