OPINION
Appellant Edna Carroll is appealing the decision of the Richland County Court of Common Pleas that granted Appellee Stone Container Inc.'s motion for summary judgment. The following facts give rise to this appeal.
On September 15, 1983, appellant fell, from a conveyor, onto a pallet of cardboard, while employed at Appellee Stone Container, Inc. As a result of the fall, appellant filed an application for workers' compensation benefits alleging injury to her left ankle. The Bureau of Workers' Compensation permitted appellant's claim for "sprained left ankle, hyper flexion injury, and strain left foot". Appellant continued to experience pain in her left foot and ankle and as a result of this pain, appellant claims she developed a limp.
On December 14, 1995, appellant filed a motion, with the Bureau of Workers' Compensation, asking that her claim be additionally allowed for "overuse syndrome left knee" as a result of the original left foot and ankle injury. On March 28, 1996, the Industrial Commission conducted a hearing before the district hearing officer. The district hearing officer issued an order denying appellant's request for the additional condition of overuse syndrome left knee. Appellant appealed the district hearing officer's decision. The staff hearing officer conducted a hearing, on appellant's claim, on May 8, 1996. On May 14, 1996, the staff hearing officer issued an order affirming the district hearing officer's order and denying appellant's request for overuse syndrome left knee. Appellant again appealed. On May 29, 1996, the Industrial Commission issued an order denying appellant's appeal.
Appellant timely filed a notice of appeal to the Richland County Court of Common Pleas. On February 18, 1998, the trial court granted appellee's motion for summary judgment finding appellant knew of the existence of the left knee injury at the time of the September 15, 1983 industrial injury. The trial court found that appellant failed to comply with the two-year notice requirement contained in R.C. 4123.84. Appellant timely filed her notice of appeal to this Court and sets forth the following assignment of error for our consideration:
 I. THE LOWER COURT ERRED BY CONCLUDING THAT THE APPELLANT'S MOTION FOR ADDITIONAL ALLOWANCES WAS TIME BARRED BY THE WORKERS' COMPENSATION STATUTE OF LIMITATIONS.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellant's assignment of error.
 I
Appellant maintains, in her sole assignment of error, the trial court erred when it determined her motion for additional allowances was time barred by the workers' compensation statute of limitations. We disagree.
R.C. 4123.84(A)(1) sets forth the applicable statute of limitations in workers' compensation cases. This statute provides:
 (A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:
 (1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation;
The Ohio Supreme Court recognized conditions relating to the original injury may manifest themselves in a new body part and such manifestation may occur more than two years after the originally alleged injury. The Court defined this type of injury as a "flow-through" injury. A "flow-through" injury is "* * * one developing in a body part not originally alleged per R.C.4123.84(A)(1)." Dent v. ATT Technologies, Inc. (1988), 38 Ohio St.3d 187,189.
In order to recover for a flow-through injury, the claimant must file a motion for an additional allowance within two years of the time the claimant knew or should have known of the additional condition. Clementi v. Wean United, Inc. (1988), 39 Ohio St.3d 342, syllabus. The Ohio Supreme Court recently reviewed its decision in Clementi in the case of Lewis v. Trimble (1997),79 Ohio St.3d 231. Upon review of R.C. 4123.84, the Court found this statute still requires that the focus be when the claimant knew or should have known of the presence of the flow-through condition which was causally related to the effects of the industrial injury. In reaching this conclusion, the Court stated:
 Since this standard is essentially one of due diligence, the focus properly rests upon the reasonableness of claimant's conduct under all the surrounding circumstances. This requires that all relevant factors bearing on the question of reasonableness be considered, including, but not limited to, the information available to claimant, his or her experience, education, and intellectual functioning, and what he or she has been told or not told about the nature, seriousness, and probable compensable character of the condition. Id. at 239.
"* * * [W]hether or not the claimant is informed of a specific diagnosis is not itself a determinative inquiry but constitutes one factor to be considered." Id. at 239.
Appellant sets forth three arguments in support of her assignment of error that she is not barred from recovering for a flow-through injury under the applicable statute of limitations. First, appellant maintains that since no doctor ever advised her of the existence of the knee injury, at the time of the industrial injury, her flow-through claim is not barred by the statute of limitations.
Such a diagnosis was not necessary as appellant testified, at her deposition, that she knew she injured her knee when the industrial injury occurred in 1983. Appellant testified to the following at her deposition:
Q. Was your knee giving you any problems at that time?
A. Yes, it was.
* * *
 Q. Is it a fair statement to say that your left knee was hurting you on the day of incident, September 15, 1983?
 A. That's going to be hard to say there because my whole leg hurt, you know.
* * *
 Q. Is it a fair statement to say that on September 15, 1983 that you were having pain in your left knee?
* * *
A. Yes.
* * *
 Q. Is it fair to say then on September 19, 1983, when you first saw Dr. Johnson, you were having pain in your left knee?
A. That's right.
* * *
 Q. And I think you had indicated earlier that you knew the pain in your knee was in regard to the September 15, 1983 injury?
A. Yes. Tr. at 19-20; 22-23; 26-27.
Based upon the above testimony, we agree with the trial court's conclusion that appellant knew she injured her left knee, at the time of her industrial injury, in 1983. Therefore, we agree with the trial court's conclusion that appellant's claim for flow-through injury is time barred by the applicable statute of limitations.
Appellant next maintains the state sponsored medical examination conducted by Dr. Gramann, on May 19, 1993, supports her contention that she had a flow-through injury. Dr. Gramann stated in his report:
 Her personal physician has requested reactivation of patient's claim to allow symptomatic treatment of a painful and tender left foot. Her claim has been allowed for sprain of the left ankle, which is not connected with the pain that she currently complains of.
Based upon the above statement contained in Dr. Gramann's report, it is clear he did not believe the reason for the altered gait was due to the industrial injury which occurred in 1983.
Finally, appellant refers to our previous decision in Gibsonv. Hart's Stores, Inc. (June 17, 1996), Muskingum App. No. CT 95-0021, unreported. We find the Gibson case distinguishable from the case sub judice because Gibson dealt with a classic flow-through case. The claimant, in Gibson, incurred a lumbosacral strain and later developed cervical complaints. However, in the case at bar, appellant knew, at the time of the industrial injury, that she had injured her left knee.
Based upon the above, we find the trial court properly granted appellee's motion for summary judgment on the basis that appellant's claim is barred by the applicable statute of limitations contained in R.C. 4123.84.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.