OPINION
{¶ 1} This matter arises from a complaint seeking an administrative appeal filed in the Mahoning County Court of Common Pleas. The appeal concerns Appellant's Ohio Bureau of Workers Compensation ("BWC") claim.
 {¶ 2} Appellant, Lawrence Dixon, was injured in the course and scope of his employment on May 6, 1986, while working for Appellee, Browning-Ferris Industries of Ohio, Inc. ("BFI"). BFI is a self insured employer. Appellant filed an initial BWC claim application with Appellee, James Conrad, Administrator of the BWC, the month of his injury.
 {¶ 3} Appellant's claim was allowed for injury to his cervical spine, and benefits were paid. However, on June 18, 2003, Appellant filed a C-86 motion requesting that a shoulder complaint be added as an allowed condition under this prior claim. This motion was denied by the BWC and the Industrial Commission of Ohio ("Commission") based on the two-year notice requirement found in R.C. § 4123.84.
 {¶ 4} On administrative appeal to the Mahoning County Court of Common Pleas, the court agreed with the denial of his C-86 motion and granted BFI's request for summary judgment on June 2, 2004. Appellant timely appealed this entry. For the following reasons, we reverse the trial court's decision.
 {¶ 5} Appellant asserts seven assignments of error on appeal. In his first assignment, he claims:
 {¶ 6} "THE TRIAL COURT'S RULING ON THE SUMMARY JUDGMENT/MOTION TO DISMISS WAS IN ERROR BECAUSE THE FULL INDUSTRIAL COMMISSION HAS YET TO RULE ON THE APPEAL OF THE STAFF HEARING OFFICER'S DECISION MAKING THE FILING OF THE NOTICE OF APPEAL AND COMPLAINT IN COMMON PLEAS COURT NULL AND VOID"
 {¶ 7} Appellant argues here that the trial court, and consequently this Court, lack jurisdiction over this matter because Appellant prematurely filed his complaint seeking administrative appeal in the common pleas court. This issue was neither raised nor addressed in the court below.
 {¶ 8} Appellant claims that contrary to the allegations contained in his complaint, the full Industrial Commission of Ohio never considered the matter. As a result of this failure, he claims that neither the Mahoning County Court of Common Pleas nor this Court has jurisdiction here, because he did not exhaust his right to appeal at the administrative level.
 {¶ 9} The BWC procedure is set forth in R.C. § 4123.511. Under R.C. § 4123.511(B)(1), the BWC administrator usually first determines whether a claimant is entitled to compensation or benefits. If the administrator concludes that the claimant is not entitled to benefits, the claimant may appeal the order to a district hearing officer. The district hearing officer must then conduct a hearing. R.C. § 4123.511(C). Any party may appeal an unfavorable ruling in the district hearing officer's order to a staff hearing officer. R.C. § 4123.511(C). The staff hearing officer must also hold a hearing. R.C. § 4123.511(D). Thereafter, any party may appeal the staff hearing officer's order.
 {¶ 10} With the timely filing of an appeal from the staff hearing officer's order, the Commission or a designated hearing officer will determine whether the Commission will hear or refuse the appeal. R.C. § 4123.511(E). Only then may a party appeal an order rendered pursuant to R.C. § 4123.511(E) to a court of common pleas. R.C. § 4123.512.
 {¶ 11} In Ohio, a court of common pleas lacks subject matter jurisdiction over a workers' compensation appeal when a claimant attempts to take the denial of his or her claim directly from the staff hearing officer to the court of common pleas, skipping the third level of administrative review contrary to R.C. § 4123.512
and R.C. § 4123.511. Bentle v. Worthington Custom Plastics
(1994), 12th Dist. No. CA94-080-69, 3, appeal not allowed Bentlev. Worthington Custom Plastics (1995), 72 Ohio St.3d 1521,649 N.E.2d 280; Evans v. Visting Nurse Ass'n (1996), 8th Dist. No. 69825, 3.
 {¶ 12} In Bentle and Evans, supra, the claimants never appealed the staff hearing officers' decisions to the Industrial Commission of Ohio or to a hearing officer sitting in place of the Commission. Instead, they attempted to appeal the staff hearing officers' decisions directly to the court of common pleas. On further appeal, the respective courts of appeal held that these attempts were premature. Id.
 {¶ 13} In the instant matter, the district hearing officer held an initial hearing on September 4, 2003, to address Appellant's C-86 motion. The district hearing officer denied Appellant's motion requesting to add a claim for his shoulder.
 {¶ 14} Appellant appealed this decision. Another hearing was held, and on October 16, 2003, the designated staff hearing officer agreed with and affirmed the district hearing officer's September 4, 2003, order. (Appellee's Answer, Exh. B.)
 {¶ 15} Appellant then appealed to the full Industrial Commission of Ohio as prescribed in R.C. § 4123.511(E) on October 22, 2003.
 {¶ 16} Based on the allegations in Appellant's complaint, it would appear that the Commission did address Appellant's final administrative appeal and refused to consider it on December 18, 2003. A copy of this Commission decision is not in the trial court's record. However, Appellant quotes the decision in his complaint:
 {¶ 17} "Pursuant to the authority of the Industrial Commission under Revised Code of Ohio, Section 4123.511 (E), it is ordered that the Appeal filed 10/22/2003 by the Claimant from the order issued 10/16/2003 by the Staff Hearing Officer be refused and that copies of this order be mailed to all interested parties." (Complaint ¶ 5, quoting Dec. 18, 2003, Order.)
 {¶ 18} Contrary to the statements contained in his complaint, however, Appellant directs this Court's attention to his counsel's affidavit in support of his arguments here. The affidavit provides that counsel searched both his file and the Ohio BWC website and that he was unable to find any reply to Appellant's administrative appeal of the staff hearing officer's decision. The affidavit states that the Youngstown office of the Industrial Commission of Ohio also could not find any decision regarding this appeal.
 {¶ 19} However, counsel's affidavit is not part of the trial court's record. A reviewing court cannot add evidence to the record before it that was not a part of the trial court's proceedings. It is axiomatic that an appellate court cannot decide an appeal on the basis of new evidence. State v. Ishmail
(1978), 54 Ohio St.2d 402, 8 O.O.3d 405, 377 N.E.2d 500. See, also Manigault v. Ford Motor Company (2002), 96 Ohio St.3d 431,434-435, 2002-Ohio-5057, 775 N.E.2d 824. As such, this Court must disregard counsel's affidavit.
 {¶ 20} In addition, in paragraph five of Appellant's complaint we find Appellant's assertions that the full Commission refused to consider his appeal on December 18, 2003. BFI's answer to Appellant's complaint admits paragraph five of Appellant's complaint. The BWC Administrator's answer also admits paragraph five of Appellant's complaint.
 {¶ 21} Without more in the record, once Appellant asserted and both defendants admitted that the Commission refused to consider his appeal, the trial court and this Court can accept these admissions as true and proceed with the matter accordingly. Based on the record before us, the trial court had jurisdiction to consider Appellant's complaint and appeal since he exhausted his administrative rights as prescribed under R.C. § 4123.511(E).
 {¶ 22} Based on the foregoing, Appellant's first assignment of error is overruled.
 {¶ 23} Before addressing Appellant's additional assignments of error, it should be noted that the trial court erroneously concluded that Appellant failed to timely file his complaint and notice of appeal in the Mahoning County Court of Common Pleas. As such, it held that Appellant's January 23, 2004, complaint and notice of appeal were not filed within the 60 days allowed by R.C. § 4123.512(A).
 {¶ 24} The trial court's entry states a belief that Appellant was appealing the October 16, 2003, staff hearing officer's decision. However, the trial court apparently failed to recognize that Appellant was seeking a further appeal of the Commission's December 18, 2003, refusal to consider his appeal from the staff hearing officer's decision.
 {¶ 25} Because Appellant was appropriately seeking appeal of a decision rendered December 18, 2003, Appellant's January 23, 2004, complaint and notice of appeal were timely filed with the trial court. Thus, the trial court's decision that Appellant's appeal was untimely is incorrect.
 {¶ 26} Appellant's second, third, sixth, and seventh assignments of error concern the findings and legal basis underlying the trial court's decision to grant summary judgment. The trial court agreed with the Commission and concluded that Appellant's claim was barred by the two-year notice requirement set forth in R.C. § 4123.84. Since these assignments of error concern the two-year notice requirement and whether it was satisfied in this matter, we will address them together.
 {¶ 27} Appellant's second assignment of error asserts:
 {¶ 28} "THE TRIAL COURT WAS IN ERROR WHEN IT RULED THAT THE STATUTE OF LIMITATIONS WAS NOT SATISFIED FOR PURPOSES OF A REQUEST FOR AN ADDED CONDITION TO THE RIGHT SHOULDER WHEN APPELLANT GAVE NOTICE OF HIS RIGHT SHOULDER INJURY IN THE INITIAL APPLICATION HE FILED APPROXIMATELY TWO WEEKS AFTER HIS INJURY."
 {¶ 29} Appellant's third assignment of error states:
 {¶ 30} "THE TRIAL COURT WAS IN ERROR WHEN IT RULED THAT TO AVOID SUMMARY JUDGMENT THE COMPLAINT MUST SPECIFICALLY AVER THAT AN EXCEPTION EXISTS WHICH PERMITS EXTENSION OF THE STATUTE OF LIMITATIONS."
 {¶ 31} In Appellant's sixth assignment of error he claims:
 {¶ 32} "THE TRIAL COURT WAS IN ERROR WHEN IT FAILED TO READ THE AFFIDAVIT OF PLAINTIFF-APPELLANT THAT CURED ANY POTENTIAL STATUTE OF LIMITATIONS ARGUMENT."
 {¶ 33} Finally, Appellant's seventh assignment of error asserts:
 {¶ 34} "THE TRIAL COURT WAS IN ERROR WHEN IT RULED THAT THE COMPLAINT ON ITS FACE PROVES THAT THE STATUTE OF LIMITATIONS BARRED THE ACTION."
 {¶ 35} In reviewing an appeal from an award of summary judgment, an appellate court reviews the matter de novo, without deference to the trial court's decision. Midwest Specialties,Inc. v. Firestone Tire Rubber Co. (1988), 42 Ohio App.3d 6, 8,536 N.E.2d 411.
 {¶ 36} The party seeking summary judgment bears the burden of showing that there exists no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. Fyffev. Jeno's, Inc. (1991), 59 Ohio St.3d 115, 120, 570 N.E.2d 1108;AAAA Enterprises, Inc. v. River Place Community UrbanRedevelopment Corp. (1990), 50 Ohio St.3d 157, 553 N.E.2d 597, paragraph two of the syllabus.
 {¶ 37} Summary judgment is appropriate when it is established (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) in construing the evidence most strongly in the nonmovant's favor, reasonable minds can come to but one conclusion, which is adverse to the party against whom the motion for summary judgment is made. Bostic v. Conner (1988),37 Ohio St.3d 144, 146, 524 N.E.2d 881.
 {¶ 38} In addition, since summary judgment is designed to cut short the litigation process, trial courts should award summary judgment with caution, resolving doubts and construing evidence in favor of the nonmoving party. Murphy v. Reynoldsburg (1992),65 Ohio St.3d 356, 360, 604 N.E.2d 138.
 {¶ 39} Further, the workers' compensation laws require the liberal construction of these statutes in favor of employees. R.C. § 4123.95.
 {¶ 40} BFI's motion to dismiss or, in the alternative, for summary judgment lists one ground for dismissing Appellant's complaint and appeal. BFI argues that since the Commission ruled as a matter of law that it lacked jurisdiction to consider Appellant's C-86 motion, the trial court also lacked jurisdiction to hear the claim. BFI claims that since the Commission's underlying decision did not concern Appellant's right to participate in the workers' compensation fund, the trial court could not hear the matter. BFI fails to provide any authority in support of this argument.
 {¶ 41} BFI correctly states that Ohio courts of common pleas have limited jurisdiction as regards matters under the Ohio Workers' Compensation Act and have only those powers conferred to them via the Act. Specifically, courts of common pleas only have jurisdiction to hear appeals concerning the right to participate or to continue to participate in the fund, and not issues concerning the extent of the claimant's disability. Afrates v.Lorain (1992), 63 Ohio St.3d 22, 26, 584 N.E.2d 1175.
 {¶ 42} However, and contrary to BFI's assertions, this Court and the Ohio Supreme Court have repeatedly held that the disallowance of a claimant's application for an additional condition as regards their workers' compensation claim is properly classified as an issue concerning the right to participate. Thus, further appeal to the common pleas court is appropriate. Irwin v. Ohio Valley Hosp. Ass'n (1999), 7th Dist. No. 97JE9, 3, citing Long v. Quarto Mining Co. (1999), 7th Dist. No. 799, 8; Felty v. ATT Technologies, Inc. (1992),65 Ohio St.3d 234, 239, 602 N.E.2d 693.
 {¶ 43} In order to fully assess this matter, a court must initially differentiate a "residual" condition from an "additional" condition. A "residual" condition is one that develops, "in a body part not originally alleged per R.C. 4123.84(A)(1)." Dent v. ATT Technologies, Inc. (1988),38 Ohio St.3d 187, 189, 527 N.E.2d 821. An "additional" condition is different because it occurs in a body part, "for which proper written notice has already been given in the original claim."Lewis v. Trimble (1997), 79 Ohio St.3d 231, 237,680 N.E.2d 1207.
 {¶ 44} According to Appellant's complaint, his C-86 motion sought to add an additional claim regarding a right shoulder sprain along with certain other conditions involving his right shoulder and cervical spine, which he claims resulted from his initial injury.
 {¶ 45} The evidence in the trial court's record is limited. Appellant was injured in the course of his employment in May of 1986. He filed a claim with the Ohio BWC, and benefits were allowed relative to injuries of his cervical spine. However, in Appellant's initial May 29, 1986, application for compensation and benefits he indicated that he injured his, "right shoulder and neck * * *.'" (Affidavit, ¶ 5.) There is nothing in the trial court's record to indicate whether Appellant pursued benefits relative to this alleged injury to his shoulder at the time of original injury or why, if requested, he did not initially receive compensation and/or benefits relative to his shoulder complaint.
 {¶ 46} Notwithstanding, and based on the evidence before this Court, Appellant's claim concerns an "additional" condition since he was seeking benefits and compensation for a previously identified body part. Lewis v. Trimble, supra. As such, the trial court had jurisdiction to hear the instant matter. Felty,
supra, 65 Ohio St.3d 234, 239, 602 N.E.2d 693.
 {¶ 47} Because Appellant's C-86 motion concerned an additional condition, we next must assess whether the two-year notice requirement was applicable. The common pleas court based its decision to grant summary judgment on this two-year notice requirement and concluded that Appellant was barred under R.C. §4123.84(A).
 {¶ 48} Again, evidence in the record indicates that Appellant provided BFI and the BWC with notice that he claimed to have injured his right shoulder in 1986. (Affidavit, ¶ 4, 5.) Thus, the trial court's decision to grant summary judgment to Appellees based on the two-year notice requirement is incorrect. The two-year notice rule set forth in R.C. § 4123.84(A) is inapplicable here, because it appears some notice was provided with his original application for benefits, which was within two years of the date of his injury.
 {¶ 49} In addition, this Court has previously held that BWC claims seeking an additional allowance are not subject to the R.C. § 4123.84(A) two-year notice requirement. Jones v. Trimble
(1995), 101 Ohio App.3d 240, 655 N.E.2d 278, citing Dent v. ATTTechnologies (1988), 38 Ohio St.3d 187, 190, 527 N.E.2d 821. Thus, even if we assume that Appellant did not give notice of his alleged shoulder injury with his original application, because he has filed for additional allowance, the two-year notice rule is inapplicable. Id.
 {¶ 50} Based on the foregoing, the arguments first raised in Appellant's second assignment of error have merit. The limited evidence before the common pleas court and this Court reflects that genuine issues of material fact remain to be litigated. The evidence does not indicate that BFI was entitled to judgment as a matter of law and the decision to grant summary judgment was in error.
 {¶ 51} The trial court's error in granting BFI and the BWC summary judgment does not necessarily mean that Appellant must automatically prevail. While it appears that Appellant's claims were not time-barred under R.C. § 4123.84, the record does not contain evidence as to whether Appellant is entitled to the compensation he seeks. Based on our decision that issues of fact remain to be litigated, we must reverse the common pleas court's decision.
 {¶ 52} Appellant's third, sixth, and seventh assignments of error are moot since they concern the same underlying decision and addressing them will not have any practical legal effect herein. App.R. 12(A)(1)(c).
 {¶ 53} Appellant's fourth and fifth assignments of error assert:
 {¶ 54} "THE TRIAL COURT DID NOT FOLLOW THE CORRECT LEGAL STANDARD AFTER IT CONVERTED THE SUMMARY JUDGMENT MOTION INTO A CIV. R. 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM.
 {¶ 55} "THE TRIAL COURT WAS IN ERROR WHEN IT CONVERTED THE SUMMARY JUDGMENT MOTION INTO A CIV. R. 12 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED."
 {¶ 56} Appellant claims in his fourth and fifth assignments of error that the trial court erred in converting BFI's motion for summary judgment into a Civ.R. 12(B)(6) motion.
 {¶ 57} Contrary to Appellant's claims, however, BFI filed in the alternative; it filed a motion to dismiss and/or for summary judgment. It is clear that the trial court relied on the Industrial Commission's decisions attached to BFI's motion in rendering its decision. Appellant appears confused as to his Civ.R. 12(B)(6) argument, because the trial court specifically stated that it was granting BFI summary judgment.
 {¶ 58} Regardless of the form of the judgment the trial court was employing, we have already explained its ultimate decision was incorrect. The matter will be remanded, thus, Appellant's fourth and fifth assignments of error lack merit.
 {¶ 59} In conclusion, we hereby sustain Appellant's second assignment of error and reverse the trial court's decision to grant BFI summary judgment. Accordingly, this matter is remanded to the trial court for further proceedings according to law and consistent with this Court's Opinion.
Donofrio, P.J., concurs.
Vukovich, J., concurs.