TOLER, APPELLANT, *v.* COPELAND CORPORATION, APPELLEE.

[Cite as Toler *v.* Copeland Corp. (1983), 5 Ohio St. 3d 88.]

(No. 82-683—Decided May 25, 1983.)

*Mr. Jerry L. Riseling,* for appellant.

*Smith & Schnacke Co., L.P.A., Ms. Edna Scheuer* and *Mr. Gary W. Aumon,* for appellee.

J. P. CELEBREZZE, J. R.C. 4123.84 sets forth the time limitation for making claims against the Worker's Compensation Fund and provides in part as follows:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) *Written notice of the specific part or parts of the body claimed to have been injured* has been made to the industrial commission or the bureau of workers' compensation. * * *" (Emphasis added.)

A companion provision, R.C. 4123.52, provides for the continuing jurisdiction of the Industrial Commission over those claims which are made in accordance with R.C. 4123.84.[1]

---

[1] R.C. 4123.52 provides, in relevant part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders

The legislative and case history of R.C. 4123.84 was reviewed by this court in *Gregory* v. *Flowers* (1972), 32 Ohio St. 2d 48 [61 O.O.2d 295], and is unnecessary to detail herein. Suffice to say that, until its amendment, effective December 11, 1967, R.C. 4123.84 required only that the claimant make "[w]ritten application" for compensation within a two-year period of sustaining injury or death. This court interpreted this language to mean that an injured employee was not necessarily barred from seeking compensation for an injury not described within the initial two-year period. Rather, if he filed a claim within the statutory period, he could apply for a modification due to any subsequently developing disability caused by an injury sustained in the original accident so long as the application was filed within the ten-year period provided for in the then existent R.C. 4123.52.[2] *Kittle* v. *Keller* (1967), 9 Ohio St. 2d 177 [38 O.O.2d 414]; *State, ex rel. Kresge Co.,* v. *Indus. Comm.* (1952), 157 Ohio St. 62 [47 O.O. 67].

Under this rule, there would be no question but that the appellant's claim for shoulder and cervical strain and sprain was timely made. As has already been noted, however, the 1967 amendment to R.C. 4123.84 provides that notice of the specific part or parts of the body injured must be given within two years of the incident. Mindful of the mandatory language of this notice, we must now determine whether the appellant's claim was timely.

It is the appellee's contention that the claim is barred as Toler failed to note an injury to her neck and shoulder on the precise portion of the C-1 form calling for a description of the bodily part affected. Conversely, the appellant

---

with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56 of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, nor *unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84* * * *. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the applicable time limit as provided in this section." (Emphasis added.)

[2] Until its 1967 amendment, R.C. 4123.52 provided in part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after ten years from the last payment theretofore made of compensation or benefits awarded on account of injury or death, or ten years after the injury in cases in which no compensation ever has been awarded and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the ten-year period provided in this section."

asserts that her response to Item 8 of Part I on the form was sufficient notice under the statute.

This court has previously expressed the view that formal rules of pleading and procedure are not applicable to workers' compensation proceedings. *W. S. Tyler Co.* v. *Rebic* (1928), 118 Ohio St. 522; *Kaiser* v. *Indus. Comm.* (1940), 136 Ohio St. 440, 444 [17 O.O. 22]. An injured employee's claim should not be unjustly defeated by a mere technicality. *Roma* v. *Indus. Comm.* (1918), 97 Ohio St. 247. This policy is consistent with the General Assembly's express intent that R.C. Chapter 4123 be liberally construed in favor of the claimant.[3]

In this case, R.C. 4123.84 requires that written notice of the specific part or parts of the body claimed to have been injured be made to the Industrial Commission or Bureau of Workers' Compensation within two years after the injury or death. The statute does not mandate that the notice be given on any particular form or on any particular blank of that form.

The record below indicates that Toler in her original application, filed well within the two-year period, specified in Item 8, Part I injuries to her right thumb, knuckles, arm, shoulder, neck, head and back. This was sufficient under the statute to preserve her later application for permanent and partial disability based upon shoulder and cervical strain and sprain.

For the foregoing reasons, the judgment of the court of appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES and C. BROWN, JJ., concur.

---

[3] R.C. 4123.95 provides:

"Section 4123.01 to 4123.94, inclusive, of the Revised Code shall be liberally construed in favor of employees and the dependents of deceased employees."