MIKOCH, APPELLANT, *v.*
SHERWIN-WILLIAMS COMPANY,
APPELLEE, ET AL.

(No. 54350—Decided
October 24, 1988.)

APPEAL: Court of Appeals for
Cuyahoga County.

*Walter Kaufmann,* for appellant.
*F. Daniel Balmert,* for appellee
Sherwin-Williams Company.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Patrick H. Lewis,* for Industrial Commission of Ohio.

PRYATEL, C.J. This is an appeal from a judgment of the court of common pleas granting summary judgment to the Sherwin-Williams Company, defendant-appellee. The case was before the trial court on appeal pursuant to R.C. 4123.519 from an order of the Industrial Commission.

Plaintiff-appellant, Marko Mikoch, was an employee of Sherwin-Williams in February 1982 when he was injured as a result of toxic chemical exposure. In March 1982, plaintiff filed a claim for workers' compensation benefits for "lung disease and infection." Plaintiff's claim was allowed for the specific conditions of "acute scarring of the lungs, interstitial pneumonitis and posttraumatic stress disorder." In 1983, plaintiff filed an additional claim for benefits for "atrophic rhinitis." This claim was also allowed. The allowance of these claims is not an issue.

In November 1984, plaintiff filed another additional claim for "organic brain syndrome," based upon a diagnosis made in June 1984. The Industrial Commission allowed the claim.

Defendant appealed the Industrial Commission's decision to the court of common pleas and upon a motion for summary judgment argued that plaintiff's additional claim for organic brain syndrome was time barred by R.C.

1

4123.84.[1] The trial court sustained that position and entered summary judgment for defendant. Plaintiff appeals and assigns three errors for our review.

Assignments of Error Nos. I, II and III

"I. The trial court committed reversible error in granting summary judgment to the defendant based on an alleged two-year statute of limitations in Revised Code Section 4123.84, for there is no two-year requirement as to an additional residual condition for which there is continuing jurisdiction for the Industrial Commission under Ohio Revised Code Section 4123.84(B) and Ohio Revised Code Section 4123.52.

"II. The trial court committed reversible error when it determined that the alleged two-year period as to an additional residiual [sic] condition began to run before such condition was medically diagnosed.

"III. The trial court committed reversible error in granting summary judgment in that, pursuant to Civil Rule 56, Ohio Rules of Civil Procedure, the evidence shows reasonable minds could conclude that the alleged statute of limitations as to the additional residual condition 'organic brain syndrome' did not begin to run in February, 1982 as found by the trial court."

The three assignments of error are interrelated as they all question the propriety of the trial court's granting summary judgment in favor of the employer, Sherwin-Williams.

The primary issue raised on appeal is whether the trial court correctly held that Mikoch's claim for organic brain syndrome is time barred by R.C. 4123.84.

R.C. 4123.84 provides in part:

---

[1] The allowance for organic brain syndrome was the only issue in dispute in the trial court.

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

"(1) *Written notice of the specific part or parts of the body claimed to have been injured* has been made to the industrial commission or the bureau of workers' compensation:

"* * *

"(B)   * * *

"The commission has continuing jurisdiction as set forth in section 4123.52 of the Revised Code over a claim which meets the requirement of this section, including jurisdiction to award compensation or benefits for loss or impairment of bodily functions developing in a part or parts of the body not specified pursuant to division (A)(1) of this section, if the commission finds that the loss or impairment of bodily functions was due to and a result of or a residual of the injury to one of the parts of the body set forth in the written notice filed pursuant to division (A)(1) of this section." (Emphasis added.)

R.C. 4123.52 provides for the continuing jurisdiction of the Industrial Commission over workers' compensation claims and allows the commission to make modifications under certain circumstances. R.C. 4123.52 states in relevant part:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability under section 4123.56

of the Revised Code, or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death, *nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84* or 4123.85 of the Revised Code, and the commission shall not make any such modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor. This section does not affect the right of a claimant to compensation accruing subsequent to the filing of any such application, provided such application is filed within the applicable time limit as provided in this section." (Emphasis added.)

The legislature mandated that the Workers' Compensation Act, R.C. 4123.01 to 4123.94, inclusive, shall be liberally construed in favor of employees. R.C. 4123.95.

In the recent Ohio Supreme Court case of *Dent* v. *AT&T Technologies, Inc.* (1988), 38 Ohio St. 3d 187, 189, 527 N.E. 2d 821, 824, the court construed R.C. 4123.84 and 4123.52 and found that the essential requirement of both statutes is that an injured employee must give written notice within two years of the specific part or parts of the body he claims to have been injured; the employee is not required, however, to include in such notice the specific nature of the physical condition or impairment resulting from such injury.

We find *Dent* controlling. The previously allowed claim for a post-traumatic stress disorder may well involve a different diagnosis for injury to the same body part as "organic brain syndrome." Sherwin-William's evidence did not justify a summary judgment by denying that relationship.

Moreover, Sherwin-William's evidence did not deny that the alleged "organic brain syndrome" flowed from Mikoch's previously allowed injury to his lungs. It is undisputed that Mikoch gave written notice of injury to this body part when he filed his original claim in March 1982. Mikoch readily admits he immediately began suffering from sleeplessness, irritability, depression, nervousness, headaches, dizziness, and memory loss shortly after his exposure to the chemical fumes in February 1982. Nor does Sherwin-Williams deny that Mikoch complained (in February 1982) of these problems to his treating physician who advised him that the symptoms were due to his lungs' not operating properly. Thus, although Mikoch did not mention the specific medical condition of "organic brain syndrome" until November 1984, that delay did not outlaw his action since Mikoch's original claim of injury to the lungs filed in March 1982 was filed within the two-year statute of limitations and served to notify the Industrial Commission. Nor could he report an "organic brain syndrome" before his doctors diagnosed it.

Accordingly, we conclude that the trial court improperly granted a summary judgment upon the determination that Mikoch's claim for organic brain syndrome was time barred.

Appellant's assignments of error are sustained.

*Judgment reversed and cause remanded.*

J.V. CORRIGAN and MARKUS, JJ., concur.