JONES, Appellant,

v.

TRIMBLE et al., Appellees.

[Cite as *Jones v. Trimble* (1995), 101 Ohio App.3d 240.]

Court of Appeals of Ohio,
Seventh District, Monroe County.

No. 727.

Decided April 12, 1995.

*Jerry L. Riseling,* for appellant.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Randall W. Mikes,* for appellee Ormet Corporation.

DONOFRIO, Judge.

Plaintiff-appellant, Robert L. Jones, appeals from an order of the Monroe County Common Pleas Court, granting summary judgment in favor of defendant-appellees, Wesley Trimble, Administrator, the Industrial Commission of Ohio, and Ormet Corporation.

Plaintiff-appellant was injured within the scope and course of his employment with Ormet Corporation on September 20, 1979. Appellant subsequently filed an application for payment of compensation and medical benefits under the Ohio Workers' Compensation Act on November 15, 1979. Said claim was allowed and recognized for the following disability: "acute strain of the left sacro-iliac articulation with accompanying muscle spasm of the left paralumbar and gluteal muscles."

Appellee Ormet Corporation subsequently made payments to appellant on this claim. Ormet is a self-insured employer under the Act.

In 1985, Ormet Corporation received a bill from appellant's physician. A copy of said bill was attached as Exhibit I to appellant's deposition. Under the charges on the bill was written the following diagnosis:

"DX: Low back syndrome/c mod.deg. joint changes."

Said bill was paid by Ormet on August 1, 1985.

In addition to the billing received by Ormet, a physician's supplemental report, Form C–84, was received by Ormet on June 24, 1985. The form was attached as Exhibit J to appellant's deposition. The form noted, at paragraphs three and four, that appellant suffered from moderate advanced degenerative joint changes in the lumbar area and that appellant's normal recovery had been delayed due to these moderate advanced degenerate joint changes. The record fails to show whether appellant was paid compensation on the C–84.

Appellant subsequently filed an application requesting the additional allowance of the conditions of low back degenerative disk disease and degenerative joint disease. These additional conditions were disallowed, partially on the grounds that the request for the allowance of the additional conditions had not been timely made by appellant.

After exhausting his administrative appeals, appellant filed a complaint and notice of appeal in the Monroe County Court of Common Pleas. After appellant and Ormet filed motions for summary judgment, the trial court granted summary judgment in favor of Ormet on the ground that appellant's claim for additional allowances was not timely filed as required by R.C. 4123.84. Appellant then filed the instant appeal.

Appellant has listed two assignments of error. In the first, appellant argues that his request for the allowance of the additional conditions was not barred by the statute of limitations. In support, appellant cites R.C. 4123.84, which states in pertinent part:

"(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

" * * *

"(3) In the event the employer has elected to pay compensation or benefits directly, one of the following has occurred:

"(a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau, or the employer has furnished treatment by a licensed physician in the employ of an employer; providing, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section;

"(b) Compensation or benefits have been paid or furnished equal to or greater than is provided for in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code."

Appellant argues that since Ormet was a self-insured employer and since Ormet received notice of the degenerative joint changes from appellant's physician and paid the bill in 1985 which noted the conditions, R.C. 4123.84(A)(3)(b) applies. In addition, appellant cites the case of *Toler v. Copeland Corp.* (1983), 5 Ohio St.3d 88, 5 OBR 140, 448 N.E.2d 1386, in which the Ohio Supreme Court held that the statute does not require the giving of notice on any particular form or on any particular blank of a form and thus the technical rules of procedure should not be followed in order to defeat an otherwise valid claim.

As Ormet paid medical benefits upon a billing which noted the conditions, R.C. 4123.84(A)(3)(b) clearly applies to this case. In addition, R.C. 4123.84(A)(3)(a), cited above, applies to this case. Written notice of the specific part or parts of the body injured (low back) was given to the bureau when appellant filed his original claim on the 1979 injury. While the diagnosis on the additional claim is different, it involves the same body part noted in the original claim. For purposes of R.C. 4123.84(A)(3)(a), the key is whether the initial claim indicated the body part which is subsequently claimed to have been injured. See *Dent v. AT & T Technologies, Inc.* (1988), 38 Ohio St.3d 187, 527 N.E.2d 821; *Lawson v. Clark Rubber Co.* (1993), 84 Ohio App.3d 831, 619 N.E.2d 26; *Mikoch v. Sherwin Williams Co.* (1988), 45 Ohio App.3d 1, 544 N.E.2d 698. As the bureau and the employer had notice of the specific part of the body injured, and

since additional compensation or benefits were paid, the statute of limitations was met pursuant to R.C. 4123.84(A)(3)(a) and 4123.84(A)(3)(b).

The trial court erred in granting summary judgment to appellees on the basis that the claim for additional or subsequently developing conditions was barred by the two-year statute of limitations. The first assignment of error is sustained.

In the second assignment of error, appellant argues that, by payment of Dr. Piatt's bill in 1985, Ormet recognized the degenerative changes in the low back and thus appellant's motion for summary judgment should have been granted by the trial court.

While we find that appellant's claims were not barred under R.C. 4123.84, the record discloses that there are issues of fact existing with regard to whether appellant's additional or subsequently developing conditions were causally connected to the 1979 injury. We note that *Garrett v. Jeep Corp.* (1991), 77 Ohio App.3d 402, 602 N.E.2d 691, cited by appellant, is distinguishable since, in the instant case, the record does not disclose that a C–174 was filed by Ormet with regard to the additional condition. In addition, the record in this case does not disclose whether compensation was paid on the C–84 form received by Ormet on June 24, 1985. As such, we are unable to find that Ormet conclusively accepted the additional conditions.

As there are issues of fact existing in this case, this matter will be remanded to the trial court for a determination on the merits. The second assignment of error is without merit.

The judgment of the trial court is reversed, and the cause is remanded for further proceedings consistent with this opinion.

*Judgment accordingly.*

O'NEILL, P.J., and COX, J., concur.