This appeal arises from the Monroe County Court of Common Pleas decision dismissing appellant's complaint. For the following reasons, the decision of the trial court is reversed and this cause is remanded to the trial court for further proceedings consistent with this opinion.
 I. FACTS
On January 21, 1985, Joyce Long, appellant, sustained a work related injury in the course and scope of her employment with Quarto Mining Co., appellee. At that time, appellant fell down a series of snow covered steps, sustaining an injury to her lower back. Appellant filed for Workers' Compensation benefits with the self insured employer and was assigned claim number 887319-22. Her initial claim was recognized for the condition of contusion of back. Subsequent to the initial allowance, appellant underwent a laminectomy procedure on April 28, 1987.
On July 14, 1992, appellant filed an application to reactivate her existing claim (C-85A). On her application appellant requested payment of medical bills, further medical services and an additional allowance of severe degenerative disc disease L4-5. This matter was heard by a District Hearing Officer (D.H.O.) on October 23, 1992. It was the decision of the D.H.O. to deny appellant's request for reactivation due to a lack of medical evidence. Appellant made timely appeal from this decision to the Canton Board of Review. The Board of Review affirmed the decision of the D.H.O. on March 1, 1993. Appellant then made appeal to the Industrial Commission of Ohio who denied said appeal on June 18, 1993.
As a result of the administrative denial of her request, appellant filed a notice of appeal and complaint in the Common Pleas Court of Monroe County seeking redress. Appellant subsequently voluntarily dismissed her initial complaint and then refiled on January 6, 1997. On January 24, 1997, appellee filed a motion for summary judgment, or in the alternative, dismissal pursuant to Civil Rule 12. Appellant filed a reply to appellee's motion on March 27, 1997. The trial court held a hearing on the matter on June 5, 1997, at which time oral arguments were heard from opposing counsel. A judgment entry was issued by the trial court on August 4, 1997, granting appellee's motion for summary judgment or in the alternative dismissal of appellant's complaint. Appellant filed a timely appeal of the trial court's decision to this court on September 3, 1997.
 II. ASSIGNMENT OF ERROR
Appellant raises a single assignment of error on appeal. This assignment reads:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT."
Appellant argues that the trial court erred in granting appellee's motion as the trial court did in fact have jurisdiction in the matter presented to it. In her argument appellant asserts that a claim was properly established for the low back arising out of her 1985 injury. As such, she continues to be entitled to request additional conditions for that body part. Additionally, it is argued that any requests for additional conditions go to the right to participate rather than to the extent of disability. Finally, appellant asserts that she is not precluded from participating on statute of limitations grounds as she may request additional conditions as related to the allowed body part at any time. Appellant contends that the two year statute of limitations goes solely to "flow through" type injuries which involve a non-allowed body part rather than to additional conditions for recognized body parts.
Appellee presents a two-pronged argument. First, appellee argues that the requests made pursuant to the C-85A are questions as to extent of disability rather than right to participate. As such, appellant should be barred from recovery on jurisdictional grounds. Next, appellee argues that even if this is a right to participate issue, appellant is barred from recovery as a result of the two year statute of limitations established under R.C. 4123.84(A)(1) and applied inClementi v. Wean United, Inc. (1988), 39 Ohio St.3d 342.
 A. STANDARD OF REVIEW
In considering a motion for summary judgment, Civ.R. 56(C) controls and provides that before such a motion may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made.State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509,511.
 "[A] party seeking summary judgment on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt
(1996), 75 Ohio St.3d 280, 293.
Due to the fact that summary judgment is designed to cut short the litigation process, courts must proceed cautiously and only award summary judgment when appropriate. Murray v.Murray (1993), 89 Ohio App.3d 141, 144-145. This court's analysis on appeal from a summary judgment is conducted under a de novo standard of review. Maust v. Bank One Columbus, N.A.
(1992), 83 Ohio App.3d 103, 107.
Similarly, dismissal pursuant to Civ.R. 12(B)(6) is appropriate only when it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of the claim which would entitle plaintiff to relief. O'Brien v. Univ.Community Tenants Union, Inc. (1975), 42 Ohio St.2d 242,Greenwood v. Taft, Stettinius Hollister (1995), 105 Ohio App.3d 295,297. A motion pursuant to Civ.R. 12(B)(6) tests the sufficiency of the complaint, and the trial court in ruling on such a motion, must take all the allegations in the complaint as true, drawing all reasonable inferences in favor of the nonmoving party. Mitchell v. Lawson Milk Co. (1988), 40 Ohio St.3d 190,192.
 B. APPLICABLE LAW
In first addressing the law which governs the jurisdiction of a trial court to hear a matter appealed from an administrative decision of the Bureau of Workers' Compensation, we must look to R.C. 4123.512 (formerly R.C. 4123.519). The relevant portion of R.C. 4123.512 states:
 "The claimant or the employer may appeal an order of the industrial commission * * * in any injury or occupational disease case, other than a decision as to the extent of disability, to the court of common pleas of the county in which the injury was inflicted or in which the contract of employment was made * * *." (Emphasis added).
Due to confusion at the trial court level regarding this statute, numerous appellate courts as well as the Ohio Supreme Court have frequently addressed the issue of what precisely is appealable to a court of common pleas. The leading case in this area is the Ohio Supreme Court decision Afrates v. Lorain
(1992), 63 Ohio St.3d 22. The Supreme Court held in this decision that the only decisions which would be reviewable by a court of common pleas pursuant to R.C. 4123.519 (presently 4123.512), "are those decisions involving a claimant's right to participate or continue to participate in the fund." Id. at 26. As such, if an issue pertained to the claimant's extent of disability rather than the right to participate, a common pleas court would not have jurisdiction over the matter. In the event the issue was improperly appealed to the common pleas court, the trial court could properly grant summary judgment or dismiss the action.
Numerous cases following Afrates have attempted to provide clear guidance to the workers' compensation bar as to what matters are considered "right to participate issues" so as to enable the bar to effectively and efficiently conduct practice in the area of Workers' Compensation. It has been previously determined that when an order allows a claim for one injury but denies it for another arising out of the same accident, such a decision is appealable as a right to participate consideration.Felty v. ATT Technologies, Inc. (1992), 65 Ohio St.3d 234,239, citing Zavatsky v. Stringer (1978), 56 Ohio St.2d 386. Additionally, development of a secondary, additional condition arising from the same accident relates to a claimant's right to participate. Weisenburger v. Central Foundry Div., Gen. MotorsCorp. (1979), 60 Ohio St.2d 178.
The Supreme Court has previously provided guidance specifically to this court on this issue in the decision ofMcClosky v. Regal Mining, Inc. (1997), 78 Ohio St.3d 171. InMcClosky, supra, Mr. McClosky sustained an injury to his neck while in the course and scope of his employment. Mr. McClosky filed a Workers' Compensation claim which was allowed for a simple cervical sprain and strain. Subsequent to the initial allowance, Mr. McClosky moved for an additional cervical condition as an allowance in his claim. This request was denied administratively and McClosky's complaint was dismissed by the trial court as going to extent of disability rather than right to participate. On appeal, this court held that the issue of an additional allowance did go to extent of disability, and as such the trial court properly dismissed McClosky's complaint. The Ohio Supreme Court reviewed this matter and reversed our decision stating that a decision to deny compensation for an additional condition requested subsequent to the initial allowance of the claim was a decision which was appealable to the common pleas court. The Supreme Court relied upon its decision in Afrates, supra, in arriving at the determination that such a matter pertained to the claimant's right to participate. McClosky, supra, at 172.
In next turning to the second issue on appeal, that being whether the request for an additional condition is barred by the statute of limitations, it is evident that the Ohio Supreme Court as well as the appellate districts have again had the opportunity to address this matter on numerous occasions. Statute of limitations concerns are addressed in R.C. 4123.84
which states in pertinent part:
 "(A)(1) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:
* * *
 (3) In the event the employer is a self-insuring employer, one of the following has occurred:
 (a) Written notice of the specific part or parts of the body claimed to have been injured has been given to the commission or bureau or the employer has furnished treatment by a licensed physician in the employ of the employer, provided, however, that the furnishing of such treatment shall not constitute a recognition of a claim as compensable, but shall do no more than satisfy the requirements of this section;
 (b) Compensation or benefits have been paid or furnished equal to or greater than those provided in sections 4123.52, 4123.55 to 4123.62, and 4123.64 to 4123.67 of the Revised Code." (Emphasis added).
As R.C. 4123.84 indicates, the claimant must only provide written notice within two years of the injury date of the parts of the body which are claimed to be injured. "The provisions do not require that the claimant give written notice of a specific medical condition resulting from the injury * * *." Dent v.ATT Technologies, Inc. (1988), 38 Ohio St.3d 187, 189. Therefore, if the claimant gives timely written notice of the injured area, for example the back in general, he or she may move for additional conditions to that affected area beyond the two year period immediately following the injury giving rise to the claim.
This court has addressed this very issue in Jones v. Trimble
(1995), 101 Ohio App.3d 240. In Jones, supra, Mr. Jones was injured in 1979 in the course and scope of his employment. Mr. Jones filed a claim with the Ohio Bureau of Workers' Compensation which was allowed for various conditions of the lower back. Several years later, Jones made motion for the additional condition of "low back degenerative disc disease" to be allowed in his claim. This motion was denied administratively and the court of common pleas granted summary judgment against Mr. Jones on his complaint. The reason for granting summary judgment was that the trial court viewed Jones' motion for an additional condition as being barred by the time restraints established in R.C. 4123.84.
Upon appeal, this court followed Dent, supra, and held that the key for purposes of R.C. 4123.84 is whether the initial claim indicated the body part for which the additional condition is being sought. In that Jones had filed a timely claim for the back injury, he had complied with the two-year statute of limitations and was entitled to pursue an additional back allowance beyond the two year period. Jones, supra, at 243-244.
 C. ANALYSIS
As to the issue of whether appellant's action is appealable as going to the right to participate, it is clear that this matter has been squarely addressed in Afrates, supra; Felty,supra; and McClosky, supra. The record reflects that there is no question that appellant timely filed her initial claim for injuries occurring on January 21, 1985. At that time her claim was recognized for the condition of contusion of back. Subsequent to the initial filing, appellant sought an additional condition to the lumbar area. The Supreme Court has unequivocally found that seeking such an additional allowance to a valid Workers' Compensation claim goes to a claimant's right to participate rather than the extent of disability.
Such reasoning by the Supreme Court is logical and well-reasoned. While appellant was initially granted the right to participate for benefits for the condition of contusion of back, her claim was subsequently denied for the condition of severe degenerative disc disease L4-5. By denying this condition, the Industrial Commission precluded appellant from participating and from seeking benefits for that specific condition. The denial of the additional condition eliminated any possibility for seeking treatment or benefits for this condition. As such appellant was prevented from the actual participation in the system.
Appellee's reliance on this court's decision in Stan v.Quarto Mining Co., et al., Monroe County Court of Appeals, Seventh District, Case No. 787 is misplaced. While this court initially found that seeking an additional condition in a claim went to extent of disability, upon reconsideration this court came to the conclusion that such an action was more properly considered a right to participate concern. Therefore, our decision in Stan, supra, gives further support to a finding that the pursuance of an additional condition in a Workers' Compensation claim goes to one's right to participate.
In remaining consistent with the prior decisions of the Ohio Supreme Court on this issue, we hold that on the basis of jurisdiction, the trial court erred in granting appellee's motion.
It is equally apparent that the trial court had no basis in law for finding that appellant's motion for an additional condition was not timely filed. The language of R.C. 4123.84
clearly indicates that the two year statute of limitations applies only to putting the Industrial Commission and/or the employer on notice of the affected body parts. The Ohio Supreme Court in Dent, supra, and this court in Jones, supra, held that an additional condition which is sought as related to a recognized body part is not subject to the two-year statute of limitations. Such conditions may be sought at any point in time during the life of the claim. The sole requirements are that the claim be established and written notice provided of the affected body part within two years of the date of injury. In that these requirements were met by appellant, it should not be found that appellant was barred by the two-year statute of limitations from seeking additional conditions as related to the back.
Appellee's reliance upon Clementi v. Wean United, Inc.
(1988), 39 Ohio St.3d 342 for the proposition that appellant's request for an additional allowance was time barred is similarly misplaced. In Clementi, supra, the Ohio Supreme Court determined that a claimant must file for a new condition within two years of the date the claimant knew or should have known the new condition existed. However, the supreme court specifically limited the application of the two year statute of limitations to conditions which were determined to be residual or flow through conditions. Id. at 346. A "flow through" or "residual" condition has previously been defined as "one developing in a body part not originally alleged per R.C.4123.84(A)(1)." Dent, supra, at 189. An "additional" condition is different in that it occurs in a body part which has already been formally recognized in the original claim. As such, the "additional" condition is not subject to the two-year limitations period.
In the case sub judice, the additional condition being sought clearly relates to a body part which has already been formally recognized in the original claim. Appellant had an allowed claim which was recognized for the condition of "contusion of back." Subsequent to the initial allowance, appellant sought allowance of the additional condition of "severe degenerative disc disease L4-5." The additional condition sought affects the lumbar area which relates to the allowed body part, that being the back. Therefore, as outlined in Dent, supra, and Jones,supra, such additional conditions are not subject to the two year statute of limitations.
As such, appellant timely filed for the requested additional allowance. Thus, the trial court erred in granting appellee's motion and disposing of the case. The trial court had no grounds to grant either a motion for summary judgment or a motion to dismiss.
In light of the above discussion, the decision of the trial court is reversed and this cause is remanded for further proceedings on the merits of whether the additional condition sought arose out of the original injury sustained by appellant.
Donofrio, P.J., concurs.
Waite, J., concurs.
APPROVED:
 -------------------------- JOSEPH J. VUKOVICH, JUDGE