[Cite as *Santarelli v. Gen. Motors CLCO-Mansfield*, 2020-Ohio-5341.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| NINO C. SANTARELLI | JUDGES: |
| | Hon. John W. Wise, P. J. |
| Appellant | Hon. Patricia A. Delaney, J. |
| | Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 0040 |
| GENERAL MOTORS CLCO-MANSFIELD, et al. | |
| | |
| Appellees | O P I N I O N |


| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 18CV005832 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 18, 2020 |


APPEARANCES:

| For Appellant | For Appellee General Motors |
| | |
| CRAIGG E. GOULD | GREGORY B. DENNY |
| 900 Michigan Avenue | MARK S. BARNES |
| Columbus, Ohio 43215 | ROBERT L. SOLT, IV |
| | BUGBEE & CONKLE LLP |
| | 405 Madison Avenue, Suite 1900 |
| | Toledo, Ohio 43604 |
| | |
| | For Appellee Workers' Comp. |
| | |
| | JOHN R. SMART |
| | ASSISTANT ATTORNEY GENERAL |
| | 150 East Gay Street, 22nd Floor |
| | Columbus, Ohio 43215 |

*Wise, John, P. J.*

**{¶1}** Appellant Nino C. Santarelli ("Appellant") appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which granted summary judgment in favor of Appellee, General Motors CLCO-Mansfield ("Appellee"). The relevant facts leading to this appeal are as follows.

### STATEMENT OF THE FACTS AND CASE

**{¶2}** On October 23, 2007, Appellant was injured in the course and scope of his employment with Appellee. Three doors fell off of a rack in the press room where he was working, hitting Appellant on top of his head and bending his thumb backwards. Appellant subsequently filed a claim with the Ohio Bureau of Workers' Compensation, claim number 07-872551, which was allowed for a sprain of his right hand and sprain of his right thumb.

**{¶3}** Appellant described the accident on his claim application ("FROI-1") as he was holding a door when a table moved and three doors from the next rack fell off hitting his head and bending his thumb back. Also on his FROI-1, Appellant stated the injury/body part affected was only his right thumb. Appellant did not receive medical treatment for a head injury on October 23, 2007. Appellant stated that he cannot recall if he has ever received treatment for a head injury since the incident.

**{¶4}** Almost ten years later, on October 16, 2017, Appellant filed a C-86 Motion requesting his claim be amended to include the additional allowance of a closed head injury. Appellant is unaware if any physician has diagnosed him with a closed head injury. This Motion was denied by the Industrial Commission. Pursuant to R.C. 4123.512, Appellant filed an appeal with the Franklin County Court of Common Pleas, which was

transferred to the Richland County Court of Common Pleas, as Richland County is where the incident occurred.

{¶5}    On February 22, 2020, Appellee filed a Motion for Summary Judgment and a Memorandum in Support, along with the transcript of Appellant's January 24, 2020 deposition and the Affidavit of Janelle M. Matusak. Although Appellant mailed his Memorandum of Opposition and Motion to Strike the Affidavit of Janelle M. Matusak to opposing counsel on March 12, 2020, the clerk's office rejected the Memorandum in Opposition, as it was unsigned. Appellee filed a Reply Memorandum in Support of Summary Judgment on March 19, 2020. Appellant filed a Motion for Leave to File his Memorandum in Opposition *Instanter* on March 25, 2020. On April 2, 2020, the trial court issued an Order granting Appellant's Motion to file *Instanter*, partially granting Appellant's Motion to Strike and granting summary judgment in favor of Appellee.

## ASSIGNMENT OF ERROR

{¶6}    On April 7, 2020, Appellant filed a notice of appeal. He herein raises the following two Assignments of Error:

{¶7}    "I. THE TRIAL COURT ERRED WHEN IT MISAPPLIED THE RELEVANT PROVISIONS OF R.C. 4123.84 AND 4123.52 AND GRANTED SUMMARY JUDGMENT ON GROUNDS THAT WERE NOT RAISED BY EITHER APPELLANT OR APPELLEE.

{¶8}    "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE APPELLEE GM FAILED TO MEET ITS BURDEN AND A GENUINE ISSUE OF MATERIAL FACT EXISTS."

**I., II.**

**{¶9}**   In Appellant's first and second Assignments of Error, Appellant argues the trial court erred by misapplying the relevant provisions of R.C. 4123.84 and 4123.52 and granted summary judgment on grounds not raised by either Appellant or Appellee. Appellant further argues there is a genuine issue of material fact and summary judgment is not appropriate. We disagree.

**a.  Standard of Review**

**{¶10}**  With regard to summary judgment, this Court applies a de novo standard of review and reviews the evidence in the same manner as the trial court. *Smiddy v. Wedding Party, Inc.*, 30 Ohio St.3d 35, 36, 506 N.E.2d 212 (1987). We will not give any deference to the trial court's decision. *Brown v. Scioto Cty. Bd. of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist. 1993). Under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1997).

**{¶11}** The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

### b. Did the trial court err by granting summary judgment on grounds not raised by either Appellant or Appellee?

{¶12} Appellant argues that a trial court may not grant summary judgment on grounds not raised by the parties. However, Appellant has provided no legal authority to support this position. In fact, this Court held trial courts are "not confined to the particular propositions of law advanced by the parties on a motion for summary judgment." *Peters v. the Delaware Gazette*, 5th Dist. Delaware No. 83-CA-13, 1983 WL 5655. "Judgment should be entered even though the legal principles relied upon by the court may differ from those that have been argued by litigants." *Id.*

{¶13} In *Peters,* the trial court found summary judgment in a libel suit. The defendant argued that the plaintiff was a public figure. *Id.* However, the trial court did not rule on this argument, but decided the case upon the plaintiff's lack of a showing of actual malice by the defendant. *Id.*

{¶14} In the case *sub judice*, the trial court decided this case on the statute of limitations in R.C. 4123.52, though Appellee argued Appellant did not provide sufficient notice of the head injury within two years of the incident as required by R.C. 4123.84. Therefore, the trial court has the authority to grant summary judgment on grounds which were not raised by Appellant or Appellee.

### c. Was summary judgment appropriately granted in favor of Appellee?

{¶15} Again, under Civ.R. 56, a trial court may grant summary judgment if it determines: (1) no genuine issues as to any material fact remain to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary

judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1997).

{¶16} The record on summary judgment must be viewed in the light most favorable to the party opposing the motion. *Williams v. First United Church of Christ*, 37 Ohio St.2d 150, 151, 309 N.E.2d 924 (1974).

{¶17} At all relevant times herein, R.C. 4123.52 sets out the statute of limitations for additional and residual claims:

> The jurisdiction of the industrial commission and the authority of the administrator of workers' compensation over each case is continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No modification or change nor any finding or award in respect of any claim shall be made with respect to disability, compensation, dependency, or benefits, after five years from the date of injury in the absence of the payment of medical benefits under this chapter or in the absence of payment of compensation under section 4123.57, 4123.58, or division (A) or (B) of section 4123.56 of the Revised Code or wages in lieu of compensation in a manner so as to satisfy the requirements of section 4123.84 of the Revised Code, in which event the modification, change, finding, or award shall be made within five years from the date of the last payment of compensation or from the date of death, nor unless written notice of claim for the specific part or parts of the body injured or disabled has been given as provided in section 4123.84 or 4123.85 of the Revised

Code. The commission shall not make any modification, change, finding, or award which shall award compensation for a back period in excess of two years prior to the date of filing application therefor.

**{¶18}** At all relevant times herein, R.C. 4123.84 set forth the time limitation for making claims against the Workers' Compensation Fund and provides in part as follows:

(A) In all cases of injury or death, claims for compensation or benefits for the specific part or parts of the body injured shall be forever barred unless, within two years after the injury or death:

(1) Written notice of the specific part or parts of the body claimed to have been injured has been made to the industrial commission or the bureau of workers' compensation.

**{¶19}** R.C. 4123.52, provides for the continuing jurisdiction of the Industrial Commission over those claims which are made in accordance with R.C. 4123.84.

**{¶20}** The trial court granted summary judgment on the basis that the FROI-1 indicated this is a case of medical only payment, and as such no modifications or changes shall be made within five years of the date of injury under R.C. 4123. Appellant contends this is not dispositive and alleges he received permanent partial disability compensation after his claim was allowed. However, the record is absent of any evidence the statute of limitations in R.C. 4123.52 tolled for an award of compensation.

**{¶21}** However, assuming arguendo the statute of limitations in R.C. 4123.52 did toll due to an award of compensation, we must analyze whether disclosing a door struck Appellant's head in a description of the incident, but not noting any injury to the head is

sufficient notice of injury to the industrial commission or the bureau of workers' compensation.

**{¶22}** The Supreme Court of Ohio has expressed the view that formal rules of pleading and procedure are not applicable to workers' compensation proceedings. *Toler v. Copeland Corp.* 5 Ohio St.3d 88, 91, 448 N.E.2d 1386, 1389 (1983). "R.C. 4123.84 requires that written notice of the specific part or parts of the body claimed to have been injured be made to the Industrial Commission or Bureau of Workers' Compensation within two years after the injury or death." *Id.* An injured employee is required to give written notice of specific body part or parts of the body claimed to have been injured within two years after the injury, but is not required to include in such notice the specific nature of the physical condition or impairment resulting from such injury. *Dent v. AT&T Techs., Inc.*, 38 Ohio St.3d 187, 190 527 N.E.2d 821, 825 (1988).

**{¶23}** In *Dent*, the appellee gave notice of injury listing both the specific body part as well as the injury, contusion and abrasion of the left knee. *Id.* In *Toler*, the appellant did indicate, though in a different area of the C-1 form, she sustained injuries to her neck and shoulder. *Toler* at 90.

**{¶24}** In the case *sub judice*, Appellant only mentions the door striking his head when describing the incident. He does not disclose what, if any, injuries he sustained from the falling door hitting his head. As such, this does not provide sufficient notice for injuries to the head disclosed outside of the two-year period provided for by R.C. 4123.84. Therefore, as no genuine issue of material fact exists, summary judgment was appropriately granted in favor of the Appellee.

**{¶25}** For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/br